# EXHIBIT 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| In re Application of Sukhbaatar Batbold | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| Defendant | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: **K2 Integrity
845 Third Avenue, New York, NY, 10022**
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: **Please see Attachment A.**

| Place: **Gibson, Dunn & Crutcher LLP 200 Park Avenue, New York, NY 10166** | Date and Time: |
|---|---|

The deposition will be recorded by this method: **Stenographic and audiovisual.**

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **Please see Attachment B.**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **03/09/2021**

CLERK OF COURT

OR

_____     _____
Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Sukhbaatar Batbold** , who issues or requests this subpoena, are:
**Orin Snyder, Gibson, Dunn & Crutcher LLP 200 Park Avenue, New York, NY 10166 OSnyder@gibsondunn.com +1 212-351-2400**

Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   **0.00**_____ .

I declare under penalty of perjury that this information is true.

Date: _____    _____
                                    *Server's signature*

                                    _____
                                    *Printed name and title*

                                    _____
                                    *Server's address*

Additional information regarding attempted service, etc.:

**Print**        **Save As...**        **Add Attachment**        **Reset**

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A
## MATTERS FOR EXAMINATION

1. The investigation of or research conducted by K2 Intelligence a/k/a/ K2 Integrity ("K2") concerning Sukhbaatar Batbold and/or Battushig Batbold.

2. K2's books and records, including but not limited to information and documents related to funding received in connection with the investigation of Sukhbaatar Batbold.

3. The individuals or entities that requested or solicited, provided funding or payment for, or provided instructions or directions regarding K2's investigation of or research concerning Sukhbaatar Batbold.

## ATTACHMENT B

## DEFINITIONS

The following instructions shall govern the response and production of documents:

1. The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3 of the U.S. District Court for the Southern District of New York are hereby incorporated into the requests for the production of documents set forth herein.

2. The terms "YOU," "YOUR," and "K2" mean the subpoenaed party, K2 Intelligence a/k/a K2 Integrity, and any current or former aliases, and any affiliated companies, partnerships, proxies, agents, or representatives.

3. The term "JULES KROLL" means Jules B. Kroll, and any current or former aliases.

4. The term "MR. BATBOLD" or "SUKHBAATAR BATBOLD" means Applicant Sukhbaatar Batbold, the former Prime Minister of Mongolia and current member of the Great Khural.

5. The term "PURPORTED PLAINTIFFS" means the Agency for Policy Coordination on State Property, Erdenet Mining Corporation, Erdenes Oyu Tolgoi LLC, and any current or former aliases of those entities, all of whom are named plaintiffs in actions filed against MR. BATBOLD in Mongolia, the United Kingdom, the Bailiwick of Jersey, the Republic of Singapore, and the Hong Kong Special Administrative Region of the People's Republic of China.

6. The term "LITIGATIONS" means any of the litigations filed against MR. BATBOLD by the PURPORTED PLAINTIFFS that is currently or was previously pending in

New York State Supreme Court, Mongolia, England & Wales, the Bailiwick of Jersey, the Republic of Singapore, the Hong Kong Special Administrative Region of the People's Republic of China, or any other foreign or domestic jurisdictions, including but not limited to discovery proceedings concerning MR. BATBOLD filed in the U.S. District Court for the Southern District of New York and in the British Virgin Islands.

7. The term "KROLL AFFIDAVITS" means the affidavits filed by JULES KROLL in the LITIGATIONS.

8. The term "BATTUSHIG BATBOLD" means Battushig Batbold, the son of SUKHBAATAR BATBOLD.

9. The term "KHALTMAAGIIN BATTULGA" means Khaltmaagiin Battulga, the current President of Mongolia, and any current or former aliases.

10. The term "BENJAMIN MOYLE" means Benjamin Moyle, the founder of Fixers Mongolia and former director of Khaltamaagiin Battulga's C 1 TV channel, and any current or former aliases.

11. The term "OTGONJARGAL MOYLE" means Otgonjargal Moyle, the former assistant to Khaltmaagiin Battulga and official in the Mongolian Prosecutor General's Office, and any current or former aliases.

12. The term "CHULUUNKHUU GANBAT" means Chuluunkhuu Ganbat, the former advisor to the Minister of Road Transportation, Construction and Urban Development of Mongolia, and any current or former aliases.

13. The term "MAIZORIG JANCHIVDORJ" means Maizorig Janchivdorj, the managing partner of MDS and Khanlex, and any current or former aliases.

14. The term "THE INVESTIGATION" means the investigation K2 conducted concerning SUKHBAATAR BATBOLD which is referred to in the KROLL AFFIDAVITS, including any preliminary research conducted by K2 that led to, resulted in, and/or was utilized in the investigation.

15. The term "PAUL HUNTON" means Dr. Paul Hunton, referred to in the affidavit filed by JULES KROLL in *Agency for Policy Coordination on State Property v. Batbold*, Index No. 656507/2020 (Sup. Ct. N.Y. Cnty. 2020), Dkt. No. 57, and any current or former aliases.

16. The term "GREYLIST" means GreyList Trace Limited, referred to in the affidavit filed by JULES KROLL in *Agency for Policy Coordination on State Property v. Batbold*, Index No. 656507/2020 (Sup. Ct. N.Y. Cnty. 2020), Dkt. No. 27, and any current or former aliases, and any affiliated companies, partnerships, proxies, agents, or representatives.

17. The term "IACC" means the Independent Authority Against Corruption, referred to in the affidavit filed by JULES KROLL in *Agency for Policy Coordination on State Property v. Batbold*, Index No. 656507/2020 (Sup. Ct. N.Y. Cnty. 2020), Dkt. No. 57, and any current or former aliases, and any affiliated companies, partnerships, proxies, agents, or representatives.

18. The term "MONGOLIAN GOVERNMENT" means the government of Mongolia, and any of its offices, branches, or representatives.

19. The term "CAPITAL CITY PROSECUTOR" means Mongolia's Capital City's Prosecutor's Office, and any of its offices, branches, or representatives.

## INSTRUCTIONS

The following instructions shall govern the response and production of documents:

1. In answering and responding to these document requests, please furnish each and every document that is in your possession, custody, or control, or that is in the possession, custody, or control of your principals, agents, employees, attorneys, representatives, insurers, and any other persons or entities acting on your behalf.

2. Unless a Request calls for the production of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, doctrine, or right of privacy, each request for documents seeks production of the document in its entirety, without abbreviation, redaction, expurgation, or modification, including all attachments, enclosures, or other matters affixed thereto. Documents attached to each other, including, but not limited to, by staple, clip, tape, email attachment, or "Post-It" note, should not be separated. The production must also include, where applicable, any index tabs, file dividers, designations, binder spine labels, or other similar information as to the source and/or location of the documents. If a document responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

3. At the time and place of production of the documents requested herein, the documents requested are to be produced in the same order as maintained in the ordinary course of business and in accordance with Rule 45 of the Federal Rules of Civil Procedure.

4. If YOU object to a portion or an aspect of a Document Request, YOU are required to state the grounds for YOUR objection with specificity and to respond as to any portion(s) of the Document Request concerning which YOU have not propounded such objection.

5. In the event that any document called for by these Document Requests has been destroyed, discarded, otherwise disposed of, or no longer exists, that document is to be identified as completely as possible, including, without limitation, the following information: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, date of disposal, reason for disposal, PERSON authorizing the disposal, and the PERSON disposing of the document and identify its last known location and the reason it is no longer in existence.

6. In the event that multiple copies or versions of a document exist, produce all non-identical copies of the document, including any and all drafts of the document.

7. At the time and place of production of the documents requested herein, the documents requested are to be produced in the same order as maintained in the ordinary course of business.

8. For each document produced, identify the specific Document Request category to which it is responsive.

9. Defined terms may be capitalized for convenience; the definitions herein apply whether or not the term is capitalized.

10. For each document produced, identify the office and location where that document was kept prior to this proceeding.

11. Except where expressly stated, these Document Requests are not limited in any way by geography.

12. These Document Requests are continuing in nature. If, after producing any documents in response to these Document Requests, you obtain or become aware of additional responsive information, you are required to provide such information or documents by way of a supplemental production.

13. Where a claim of privilege is asserted in objecting to any Document Request or subpart thereof, and any document is withheld on the basis of such assertion, YOU shall submit in lieu of each such document a privilege log in accordance with Federal Rule of Civil Procedure 26 and Local Civil Rule 26.2 that:

   a. identifies the nature of the privilege (including work product) that is being claimed;

   b. describes the nature and general topic of the document in a manner consistent with the privilege, work product, or other asserted ground for non-production;

   c. identifies the person or persons who prepared the document and (if applicable) the person or persons to whom the document was sent;

   d. identifies each other person who has seen or had possession of the document;

   e. specifies the date on which the document was prepared, transmitted, or received; and

   f. provides such other information as is sufficient to identify the document in a manner that will enable Applicant and the Court to assess the applicability of the privilege claimed.

14. If information is redacted from a document produced in response to a Document Request, YOU shall specify the redaction by stamping the word "Redacted" on the document at each place where information has been redacted and separately logging each redaction on the privilege log.

## RELEVANT TIME PERIOD

1. The relevant time period unless otherwise indicated shall be from January 1, 2000, through present and shall include all documents and information which concern in whole

6

or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## DOCUMENTS TO BE PRODUCED

1. All documents and communications concerning SUKHBAATAR BATBOLD.

2. All documents and communications concerning BATTUSHIG BATBOLD.

3. All documents and communications concerning KHALTMAAGIIN BATTULGA.

4. All documents and communications concerning BENJAMIN MOYLE.

5. All documents and communications concerning OTGONJARGAL MOYLE.

6. All documents and communications concerning CHULUUNKHUU GANBAT.

7. All documents and communications concerning MAIZORIG JANCHIVDORJ.

8. All documents and communications concerning the PURPORTED PLAINTIFFS.

9. All documents and communications concerning the IACC.

10. All documents and communications concerning the CAPITAL CITY PROSECUTOR.

11. All documents and communications concerning THE INVESTIGATION, including but not limited to any and all documents, communications, or work product produced or procured in the course of the INVESTIGATION, any client engagement letter, contract, or agreement concerning the INVESTIGATION, any record of time entries detailing investigatory services concerning the INVESTIGATION, and records of payments received by YOU for services provided in connection with the INVESTIGATION.

12. All documents and communications concerning the initiation of the INVESTIGATION, including but not limited to documents sufficient to identify all individuals

or entities that requested, solicited, or otherwise encouraged the initiation of the INVESTIGATION.

13. Documents reflecting funding source(s) of any payments received by YOU in connection with the INVESTIGATION, including but not limited to details of any accounts to and from which YOU made or received payments in connection with the INVESTIGATION.

14. All documents and communications concerning transfers of funds to YOU in connection with the INVESTIGATION, including but not limited to those sufficient to show the receipt, movement, transfer, or disbursement of funds to and/or from the PURPORTED PLAINTIFFS.

15. All documents and communications concerning contractual agreements entered into by YOU in connection with the INVESTIGATION, including but not limited to funding arrangements between YOU and the PURPORTED PLAINTIFFS, those acting or purporting to act on their behalf, and/or any actors and officials within the MONGOLIAN GOVERNMENT in connection with the INVESTIGATION.

16. All documents and communications between YOU and all individuals or entities that provided funding, directions, or instructions to YOU in connection with the INVESTIGATION, including but not limited to documents and communications containing directions, instructions, and/or expectations concerning the scope, timeline, outcome, cost, or financing of the INVESTIGATION.

17. Documents sufficient to identify all entities and individuals that made payments to YOU in connection with the INVESTIGATION, including but not limited to the PURPORTED PLAINTIFFS.

18. Documents sufficient to identify all entities and individuals that provided instruction or direction to YOU in connection with the INVESTIGATION, including but not limited to the PURPORTED PLAINTIFFS, those acting on their behalf, and/or any actors and officials within the MONGOLIAN GOVERNMENT.

19. All documents and communications between YOU and the PURPORTED PLAINTIFFS, or any proxy or representative thereof, concerning any individuals or entities that provided funding, directions, and/or instructions to YOU concerning the INVESTIGATION.

20. All documents and communications between YOU and the MONGOLIAN GOVERNMENT, including but not limited to any actors and officials within the MONGOLIAN GOVERNMENT, concerning the PURPORTED PLAINTIFFS.

21. All documents and communications between YOU and the MONGOLIAN GOVERNMENT, including but not limited to any actors and officials within the MONGOLIAN GOVERNMENT, concerning the LITIGATIONS.

22. All documents and communications concerning PAUL HUNTON, or any proxy or representative thereof, including but not limited to communications between YOU and PAUL HUNTON, any records of payments made to PAUL HUNTON, and contracts concerning PAUL HUNTON.

23. All documents and communications concerning GREYLIST, or any proxy or representative thereof, including but not limited to communications between YOU and GREYLIST, any records of payments made to GREYLIST, and contracts concerning GREYLIST.