# Tong Exhibit A

## IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Case No.: HC/S 1145/2020
Sub Case No.: HC/SUM 5171/2020
Doc No.: HC/ORC 6507/2020
Filed: 27-November-2020 07:05 PM





Between

1. THE AGENCY FOR POLICY COORDINATION ON STATE PROPERTY OF MONGOLIA
(Mongolia Registration No. 6098169)

2. ERDENET MINING CORPORATION LLC
(Mongolia Registration No. 2074192)

3. ERDENES OYU TOLGOI LLC
(Mongolia Registration No. 5548721)

...Plaintiff(s)

And

1. BATBOLD SUKHBAATAR
(ID Unknown)

2. CHEONG CHOO YOUNG
(Korea, South Passport No. M73526521)

3. KIM HAK SEON
(Korea, South Passport No. M00023279)

4. CLIVEDEN TRADING AG
(Switzerland Registration No. CHE-320.434.509)

5. EOIN BARRY SAADIEN
(NRIC No. S7169540I)

6. EVEREST VC PTE. LTD.
(Singapore UEN No. 201601292G)

7. PONDUVER PTE. LIMITED
(Singapore UEN No. 201316971C)

...Defendant(s)

### ORDER OF COURT

Before: The Honourable Judicial Commissioner Tan Puay Boon in Chambers

Date of Order : 27-November-2020

### INJUNCTION PROHIBITING

### DISPOSAL OF ASSETS IN SINGAPORE

**IMPORTANT NOTICE TO THE DEFENDANTS**

**1. This Order prohibits you from dealing with your assets up to the amount stated. The Order is subject to the exceptions stated at the end of the Order. You should read all the terms of**

the Order very carefully. You are advised to consult a solicitor as soon as possible. You have the right to ask the Court to vary or discharge this order.

**2.      If you disobey this Order you will be found guilty of contempt of Court and may be sent to prison or fined.**

It is ordered that:

**THE ORDER**

An application was made today, 27 November 2020, by counsel for the Plaintiffs to the Honourable Judicial Commissioner Tan Puay Boon by way of Ex-Parte Summons No. 5171 of 2020. The Honourable Judicial Commissioner Tan Puay Boon heard the application and read the 1st Affidavit of Jules B. Kroll, the 2nd Affidavit of Jules B. Kroll and the 1st Affidavit of Sarah Yasmin Walker all filed on 26 November 2020.



As a result of the application IT IS ORDERED by the Honourable Judicial Commissioner Tan Puay Boon that:

Disposal of assets

   1.   (a)   The Defendants must not remove from Singapore in any way dispose of or deal with or diminish the value of any of their assets which are in Singapore whether in their own name or not and whether solely or jointly owned up to the value of US$1,000,000.00. For the avoidance of any doubt, the Defendants' assets include any assets held by third parties on behalf of the Defendants over which the Defendants have the power, whether directly or indirectly, to dispose of or deal with as if it were their own.

   (b)   This prohibition includes (but is not limited to) the following assets of the Defendants, in particular:

      (i)   Shares or ownership interest in the Sixth Defendant Everest VC Pte Ltd ("**Everest**"), and/or the Seventh Defendant Ponduver Pte. Limited ("**Ponduver**");

      (ii)   Shares or cash in the Singapore bank account(s) of any company, including Everest and Ponduver, which is owned for the benefit of, directly or indirectly, any Defendant; and

      (iii)   Any other asset or interest held for the benefit of any Defendant by any individual or entity located in or subject to the jurisdiction in Singapore.

   (c)   If the total unencumbered value of the Defendants' assets in Singapore exceeds US$1,000,000.00, the Defendants may remove any of those assets from Singapore or may dispose of or deal with them so long as the total unencumbered value of their assets still in Singapore remains not less than US$1,000,000.00.

Disclosure of information

   2.   Each Defendant must inform the Plaintiffs in writing at once of all their assets in Singapore, whether in their own name or not and whether solely or jointly owned, giving the value, location and details of all such assets. This information must be confirmed in an affidavit which must be served on the Plaintiffs' solicitors within 14 days after this Order has been served on each of the Defendants.

**EXCEPTIONS TO THIS ORDER**

3.     This Order does not prohibit any Defendant from spending US$10,000 a week towards his ordinary living expenses and also a reasonable sum per week on legal advice and representation. But before spending any money, the Defendant must tell the Plaintiffs' solicitors where the money is to come from.

4.     This Order does not prohibit the Defendants from dealing with or disposing of any of their assets in the ordinary and proper course of business. The Defendants shall account to the Plaintiffs every 2 weeks for the amount of money spent in this regard.

5.     Any Defendant may agree with the Plaintiffs' solicitors that the above spending limits should be increased or that this Order should be varied in any other respect, but any such agreement must be in writing.



**EFFECT OF THIS ORDER**

6.     A Defendant who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

7.     A Defendant which is a corporation and which is ordered not to do something must not do it itself or by its directors, officers, employees agents or in any other way.

**THIRD PARTIES**

Effect of this Order

8.     It is a contempt of Court for any person notified of this Order knowingly to assist in or permit a breach of this Order. Any person doing so may be sent to prison or fined.

Set Off By Banks

9.     This injunction does not prevent any bank from exercising any right of setoff it may have in respect of any facility which it gave to the Defendants before it was notified of the Order.

Withdrawals by a Defendant

10.    No bank need enquire as to the application or proposed application of any money withdrawn by the Defendants if the withdrawal appears to be permitted by this Order.

**UNDERTAKINGS**

11.     The Plaintiff gives to the Court the undertakings set out in Schedule 1 to this Order.

**DURATION OF THIS ORDER**

12.     This Order will remain in force until the trial or further order.

**VARIATION OR DISCHARGE OF THIS ORDER**

13.     The Defendants (or anyone notified of this Order) may apply to the Court at any time to vary or discharge this Order (or so much of it as affects that person), but anyone wishing to do so must inform the Plaintiff's solicitors.

**NAME AND ADDRESS OF PLAINTIFF'S SOLICITORS**

14.     The Plaintiff's solicitors are:

Chua Sui Tong / Wong Wan Chee / Abigail Tang

Rev Law LLC

39 Duxton Hill Level 4

Singapore 089619

Tel No.: 6802 8008

File Ref No.: CST/WWC/AT/202000343



**INTERPRETATION OF THIS ORDER**

15.     (a)     In this Order references to "he", "him" or "his" include "she", "her", "hers" and "it" or "its".

        (b)     When there are two or more Defendants then (unless the context indicates differently):

                (i)      References to "the Defendants" mean to both or all of them;

                (ii)     An order requiring "the Defendants" to do or not to do anything requires each Defendant to do or not to do the specified thing; and

                (iii)    A requirement relating to service of this Order, or of any legal proceedings on "the Defendants" means service on each of them.

Notice:

If you, the within-named Defendants, whether, by yourself, servant or agent neglect to obey and/or otherwise disobeys this Order in accordance with its terms, you shall be liable to process of execution, including without

limitation, committal to prison for contempt of court for the purpose of compelling you to obey the same.

1 Name of Document: Schedule 1
Annex:



*https://www.courtorders.gov.sg*
*Access code: 7f50co4ob*

Getting this document from the Authentic Court Orders Portal verifies:
(a) that it was issued by the Courts of the Republic of Singapore; and (b) the text of the document as issued on 27 Nov 2020

HC/S1145/2020:HC/SUM5171/2020:HC/ORC6507/2020:HC/S1145/2020:HC/SUM5171/2020:HC/ORC6507/202

TEH HWEE HWEE
REGISTRAR
SUPREME COURT
SINGAPORE



# SCHEDULE 1

*Undertakings given to the Court by the Plaintiffs*

(1) If the Court later finds that this Order has caused loss to the Defendants, and decides that the Defendants should be compensated for that loss, the Plaintiffs shall comply with any order the Court may make.

(2) As soon as practicable the Plaintiffs shall issue and serve on the Defendants the writ of summons together with this Order.

(3) As soon as practicable the Plaintiffs shall serve on the Defendants a copy of the affidavits and exhibits containing the evidence relied on by the Plaintiffs.

(4) Anyone notified of this Order shall be given a copy of it by the Plaintiffs' solicitors.

(5) The Plaintiffs shall pay the reasonable costs of anyone other than the Defendants which have been incurred as a result of this Order including the costs of ascertaining whether that person holds any of the Defendant's assets and if the Court later finds that this Order has caused such a person loss, and decides that such person should be compensated for that loss, the Plaintiff will comply with any order the Court may make.

1

(6) If this order ceases to have effect, the Plaintiffs will immediately take all reasonable steps to inform in writing anyone to whom he has given notice of this order, or who he has reasonable grounds for supposing may act upon this order, that it has ceased to have effect.

2