UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:  01/10/2022

IN RE APPLICATION OF SUKHBAATAR
BATBOLD FOR AN ORDER PURSUANT
TO 28 U.S.C. SECTION 1782,

                    Petitioner,

No. 21-MC-218 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Pending before the Court are Respondent K2 Integrity's ("K2") objections to Magistrate Judge Wang's Order of October 6, 2021, which granted Petitioner Sukhbaatar Batbold's application to take discovery pursuant to 28 U.S.C. § 1782.  Batbold sought discovery from K2 to defend against multiple foreign proceedings: a suit filed in civil court in Mongolia accusing Batbold and others of corrupt practices; and several related suits filed in Singapore, Hong Kong, England, and Jersey.  Each of the four latter suits appeared to have been stayed pending further updates in the Mongolian action.

On December 6, 2021—after K2's objections were fully briefed—Batbold informed the Court that the Mongolian action had been dismissed but contended that the discovery sought nevertheless remained critical to Batbold's defense in the other foreign proceedings.  In that letter, Batbold explained that "[w]hile the proceedings in Hong Kong, Jersey, and the United Kingdom are all proceedings seeking to attach property pending any judgment in the Mongolian action, the Singaporean action is a substantive case that asserts freestanding claims against Mr. Batbold." Dkt. 69.  Batbold also asserted that the discovery was relevant to "future litigation in Mongolia that is reasonably contemplated and arises out of the [dismissed] Mongolian proceedings."  *Id.*

Following receipt of this letter, the Court ordered the parties to submit supplemental letters by January 5, 2022. K2 was directed to respond to the developments raised in Batbold's letter, including whether or how dismissal of the Mongolian action affected the relevance of the discovery sought to the four remaining actions. Batbold was directed to update the Court as to the status of the four remaining actions, including as to the stays in those actions. Dkt. 70.

Batbold's supplemental letter informed the Court that none of the stays in the still-active foreign proceedings have yet been lifted. He asserted, however, that "Mr. Batbold still urgently needs discovery to aid in his defense in those foreign proceedings," as counsel for the claimants in the dismissed Mongolian action continued to "prosecute those actions and the [asset-freezing] injunctions." Dkt. 72. The letter also stated that yet another foreign proceeding had been filed against Batbold, this time in the British Virgin Islands. Batbold contended that the sought discovery was critical to his defense in this new proceeding as well. *See id.*

K2 argued in its supplemental letter that Batbold's December 6 letter "reveals for the first time that the discovery he requests here is being sought for other, previously undisclosed purposes that are impermissible under Section 1782"—that is, to defend against contemplated future litigation in Mongolia—and that this constituted an additional reason for this Court to set aside Judge Wang's Order. Dkt. 71. K2 also restated its earlier argument that the discovery Batbold seeks is irrelevant to the Hong Kong, Singapore, England, and Jersey proceedings, and that "[t]he apparent dismissal of the Mongolian proceeding does not change this analysis." *Id.*

In reviewing Judge Wang's Order and K2's objections to that Order, the Court may not consider the new factual developments that have occurred following Judge Wang's ruling—namely, the dismissal of the Mongolian action and the filing of the British Virgin Islands action. Nor may the Court consider any arguments raised by the parties in response to these developments

2

that were not raised before Judge Wang. *See NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018).  Accordingly, by no later than January 14, 2022, K2 shall submit a letter informing the Court as to whether it prefers (1) this Court to consider its objections without regard to the developments and arguments discussed in the letters of December 6, 2021 and January 5, 2022; or (2) to withdraw its pending objections and raise these developments before Judge Wang for her consideration in the first instance.

SO ORDERED.

Dated:      January 10, 2022
            New York, New York

_____
Ronnie Abrams
United States District Judge

3