**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

April 14, 2022

VIA ELECTRONIC FILING

The Honorable Ona T. Wang
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re:   In re Application of Sukhbaatar Batbold for an Order Pursuant to 28 U.S.C. § 1782, 21-mc-00218-RA-OTW (S.D.N.Y.)

Dear Judge Wang:

We respectfully submit this letter as counsel to Petitioner Sukhbaatar Batbold to address the four issues raised in the Court's order dated April 8, 2022.

> 1. *Whether the discovery currently sought is "for use in" any of the remaining global litigations.*

The discovery Mr. Batbold currently seeks is "for use in" litigations currently pending in the United Kingdom, Jersey, Hong Kong, Singapore, and the British Virgin Islands ("BVI"). As the Court recalls, Mr. Batbold brought this Section 1782 action seeking discovery from Respondent K2 Integrity ("K2") to defend himself in each of those cases, minus the later-filed BVI action and plus the then-pending Mongolian action. Each case purports to arise out of K2's alleged investigative work regarding Mr. Batbold. Mr. Batbold therefore brought this application to uncover critical information about K2's alleged work. On October 6, 2021, this Court granted Mr. Batbold's Section 1782 Application, finding he had demonstrated the discovery he seeks is "for use" in the global cases pending against him. Dkt. No. 53 at 6. (The Court's order did not address the subsequently filed BVI action.)

The status of almost all of these cases is unchanged, as K2 recognizes. In the parties' recent joint letter to the Court, K2 conceded the cases pending in Singapore and the British Virgin Islands "are still pending." Dkt. No. 81 at 3. And "the freezing injunctions entered in England, the Bailiwick of Jersey, and Hong Kong SAR . . . remain in effect." *Id.* In addition, the Mongolian case was dismissed, as Mr. Batbold informed the Court on December 6, 2021. *See* Dkt. No. 69. But K2 states it "understand[s] that . . . the case in Mongolia can be re-filed." Dkt. No. 81 at 3. King & Spalding LLP ("K&S") has expressly stated it intends to re-file that case. *See Ex Parte Application of Agency for Policy Coordination on State Property, et al.*, No. 21-mc-178-VSB (S.D.N.Y. 2021), Dkt. No. 23, ¶ 12 (Third Declaration of Sarah Y. Walker) ("I can confirm that my firm has already conducted legal research and factual investigation, begun the preparation of the necessary

**GIBSON DUNN**

The Honorable Ona T. Wang
April 14, 2022
Page 2

pleadings, and sought relevant legal advice, among other preparatory steps in anticipation of filing" a new case in Mongolia).

As a consequence, and as K2 admits, each of the cases against Mr. Batbold (except the Mongolian action) is live. And K&S has expressly stated it is seeking to refile the Mongolian action. Mr. Batbold therefore still needs to obtain evidence for his defense in these foreign proceedings. Because K2's purported investigation forms the foundation of each case, as this Court recognized in its Order, *see* Dkt. No. 53 at 4–6, the discovery Mr. Batbold seeks remains "for use" in the foreign cases pending against him.

### 2. **Whether Batbold seeks different or narrower discovery from K2 in light of the dismissals.**

Mr. Batbold's discovery requests are unchanged. Only the Mongolian case has been dismissed. Mr. Batbold still requires the same evidence to defend the remaining cases.[1]

### 3. **The extent to which K2's privilege argument in its request to file a Motion to Quash (ECF 59) is impacted by the revelation that K&S is not and was never authorized to represent OPG in litigation against Batbold.**

K2's privilege invocation fails given that K&S is not and was never authorized to represent any client in litigation against Mr. Batbold. The prerequisite for an attorney-client or litigation privilege under English or American law is the existence of an attorney-client relationship. *See, e.g.*, *Priest v. Hennessy*, 51 N.Y.2d 62, 68 (1980) (explaining that "it is beyond dispute that no attorney-client privilege exists unless an attorney-client relationship has been established"); *see also* Dkt. No. 48 (Supplemental Declaration of Patrick Doris). Only a client may invoke the privilege. *See* Dkt. No. 43 ("whether English privilege law applies depends on whether the relevant *party* to the litigation 'reasonably contemplated' commencing it"); *see also* Dkt. No. 48, ¶ 17 ("it is insufficient to state that litigation was contemplated by just anyone; it must be the *party* that is claiming the privilege that believes that litigation was in reasonable contemplation at the time . . . privilege is not determined based on the views of a law firm") (emphasis in original). Invocation of privilege by a law firm (let alone an investigator like K2) does not suffice. *Id.*

---

[1] Starting on February 1, 2022, Mr. Batbold has repeatedly asked K&S to withdraw the cases against him. Mr. Batbold also challenged K&S's good-faith basis to maintain those actions. K&S's purported client, the Mongolian Office of the Prosecutor General ("OPG"), sent K&S several letters explaining that K&S was never authorized to represent OPG. OPG has also expressly instructed K&S to withdraw all litigation against Mr. Batbold. Yet in the last 10 weeks, K&S has refused to comply with OPG's directives. The foreign cases therefore are still pending against Mr. Batbold.

**GIBSON DUNN**

The Honorable Ona T. Wang
April 14, 2022
Page 3

Here, K2's invocation of the litigation privilege and attorney-client privilege fails for an obvious reason: no client exists to invoke privilege. Every possible entity K&S and K2 could have claimed were their clients has expressly disavowed the cases against Mr. Batbold and any attorney-client relationship with K&S. *See* Dkt. Nos. 16-23 to 16-26; *see also Ex Parte Application of Agency for Policy Coordination on State Property, et al.*, No. 21-mc-178-VSB (S.D.N.Y. 2021), Dkt. Nos. 29 & 33. This means no party has actually invoked any privilege. K2 therefore cannot claim any applicable privilege precludes discovery here. K2 should be ordered to produce the information requested by Mr. Batbold without further delay.

### 4. *Whether Batbold's anticipated future litigations satisfy the enumerated Intel factors in this § 1782 Petition.*

Mr. Batbold expects his anticipated future litigation will also require discovery from K2 and easily meet all *Intel* factors. The anticipated litigation will seek to remedy the severe harms the foreign cases against him have caused. The litigation will also confirm the allegations against him based on K2's work were false and fabricated. For those reasons, the discovery he seeks against K2 will be critical to his new claims, just as it is critical to his defense of the cases pending against him.

Mr. Batbold's future cases will meet all *Intel* factors. For the statutory factors: (1) Mr. Batbold will be an "interested person" because he will be a Plaintiff; (2) the discovery Mr. Batbold seeks will be from an entity found in this judicial district, K2; and (3) the discovery will be for use in these new cases, which he plans to file in Mongolia. Similarly, the *Intel* discretionary factors will apply no differently than they did when the Court assessed Mr. Batbold's discovery requests previously. *See* Dkt. No. 53 at 7–9. K2 will not be a party to Mr. Batbold's new cases; Mongolia is receptive to American discovery assistance; and Mr. Batbold's discovery requests neither circumvent any Mongolian proof-gathering limitations nor are they unduly burdensome or intrusive. *Id*.

Mr. Batbold anticipates his new cases will be filed in the near future. They are, however, not ready yet. At the appropriate time, Mr. Batbold would be willing to share with the Court his pleadings and any supplemental briefing and declarations required. Until that time, however, Mr. Batbold respectfully submits K2 should be required to produce discovery on the basis of all the currently pending cases regardless of the status of Mr. Batbold's impending future cases.

**GIBSON DUNN**

GIBSON DUNN

The Honorable Ona T. Wang
April 14, 2022
Page 4

Respectfully submitted,

*/s/ Orin Snyder*
Orin Snyder

Counsel for Petitioner

cc: All Counsel of Record