UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF SUKHBAATAR BATBOLD FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Case No. 1:21-MC-00218-RA-OTW

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with this Section 1782 proceeding:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client or third parties in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action; the currently pending litigations in England[1] Hong Kong SAR,[2] Singapore,[3] Jersey,[4] and the British Virgin Islands[5] (together, the "Pending Foreign Proceedings"); and (if re-filed) the Mongolian proceeding *Agency for Policy Coordination on State Property and others v Sukhbaatar Batbold and others*, Case No. 101/SHZ2020/20219 (the "Mongolian Proceeding," and collectively with the Pending Foreign Proceedings, the "Permitted Proceedings"). Except as ordered by the Court,

---

[1] *Agency for Policy Coordination on State Property and others v Sukhbaatar Batbold and others*, Claim No. CL-2020-000757.
[2] *Agency for Policy Coordination on State Property and others v Sukhbaatar Batbold and others*, Case No. HCMP 2153/2020.
[3] *Agency for Policy Coordination on State Property and others v Sukhbaatar Batbold and others*, Case No. HC/S 1145/2020.
[4] *Agency for Policy Coordination on State Property and others v Sukhbaatar Batbold and others*, Case No. 2020/192.
[5] *Agency for Policy Coordination on State Property and others v Sukhbaatar Batbold and others*, Case No. BVIHCOM2021/0224.

1

Confidential Information will not be used or employed for any other action, proceeding, or purpose whatsoever.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;
    b. Employees of such counsel assigned to and necessary to assist in the litigation;
    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
    d. The requesting party's co-defendants in the Permitted Proceedings and counsel to any such co-defendant;
    e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);
    f. Any foreign court in which any of the Permitted Proceedings is pending or has been pending; and
    g. Any other party to the Permitted Proceedings, and counsel to any such party, to the extent ordered or otherwise permitted by the relevant foreign court, subject to Section 10.

5. Before disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;
    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than as set forth in Paragraph 2 and has enjoined the disclosure of the information or documents to any other person; and
    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto, except that no such agreement shall be required to reveal confidential information to the categories of persons identified in Sections 4(e)-(f).

6. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged

in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

8. Pursuant to Federal Rule of Evidence 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

9. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal. For purposes of complying with the Court's Individual Practice in Civil Cases III.D., parties will notify one another no later than five business days before the anticipated filing of any Confidential Information in this Court.

10. The parties will make their best efforts to maintain confidentiality in foreign courts.

11. At the conclusion of the Pending Foreign Proceedings (which shall include the Mongolian Proceeding if re-filed before the conclusion of the Pending Foreign Proceedings), Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

**SO STIPULATED AND AGREED.**

Dated: New York, New York
       May 19, 2022

/s/ Orin Snyder                                    /s/ Darryl Stein

GIBSON, DUNN & CRUTCHER LLP                        KOBRE & KIM LLP
200 Park Avenue, 47th Floor                        800 Third Avenue
New York, NY 10166-0193                            New York, New York 10022
Telephone: (212) 351-2400                          Telephone: (212) 488-1200
Facsimile: (212) 351-6335                          Facsimile: (212) 488-1220

Counsel for Petitioner                             Counsel for Respondent

**SO ORDERED.**

_____
Hon. Ona T. Wang
United States Magistrate Judge

Dated:  23 May 2022
        New York, New York

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE APPLICATION OF SUKHBAATAR BATBOLD FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:21-MC-00218-RA-OTW |

**<u>AGREEMENT</u>**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than the Permitted Proceedings.

I submit myself to the jurisdiction of the United States District Court for the Southern District of New York for the enforcement of the Protective Order or this agreement.

DATED:

_____

NAME:

Signed in the presence of:

_____

(Attorney)