**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

July 8, 2022

VIA ELECTRONIC FILING

| | |
|---|---|
| The Honorable Ronnie Abrams | The Honorable Ona T. Wang |
| U.S. District Court, S.D.N.Y. | U.S. District Court, S.D.N.Y. |
| Thurgood Marshall Courthouse | Daniel Patrick Moynihan Courthouse |
| 40 Foley Square, Room 2203 | 500 Pearl Street |
| New York, New York 10007 | New York, New York 10007 |

Re:   In re Application of Sukhbaatar Batbold, 21-mc-00218-RA (S.D.N.Y.)

Dear Judge Abrams and Judge Wang:

We respectfully submit this letter on behalf of Petitioner Sukhbaatar Batbold in response to the letter of respondent K2 Integrity ("K2") dated July 5, 2022. Dkt 118. K2's letter raises new concerns about its representations to the Court and the integrity of these proceedings.

As the Court knows, in this Section 1782 proceeding Mr. Batbold seeks from K2 discovery critical to his defense of civil actions pending in five foreign countries. K2 has consistently resisted discovery in this proceeding primarily by invoking the attorney-client privilege between King & Spalding LLP ("K&S") and the Mongolian Office of the Prosecutor General ("OPG")—the entity K&S has told multiple courts, including this one, under oath, is its client in the foreign proceedings. As K2 has argued, "the privilege over K2's documents is held by K2's clients, and . . . King & Spalding ha[s] submitted affidavits invoking all applicable privileges on behalf of [its] clients. . . ." Dkt. 115 at 13.

K2's July 5 letter raised new concerns about its prior statements to the Court. In its letter, K2 wrote: "King & Spalding—the outside litigation counsel for K2's client, [OPG]—informed the Singapore court on Monday, July 4, 2022, that it will no longer be acting on behalf of [OPG]." Dkt. 118 at 1. K2's disclosure precludes its privilege argument and calls into question the veracity of K&S's prior sworn statements to this Court and others. It confirms, as Mr. Batbold has long maintained, K&S and OPG do not now have and never have had any attorney-client relationship to authorize the lawsuits against him in the first place. K2's revelation throws into doubt the entire record on which K2's pending motion to quash or for a protective order is based. Dkt. 115.[1] Faced with this new information, Mr. Batbold respectfully requests this Court order K2 to promptly submit declarations addressing critical questions raised by this factual development in order to establish a clear record on which Mr. Batbold can respond to K2's motion—and on which this Court can rule.

---

[1] K2's letter does not suggest the Singapore litigation has been withdrawn or terminated—only that K&S is withdrawing as counsel. Mr. Batbold is still entitled to seek discovery for use in that proceeding.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

GIBSON DUNN

The Honorable Ronnie Abrams
The Honorable Ona T. Wang
July 8, 2022
Page 2

As Your Honor knows, on January 31, 2022, OPG issued a letter to Mr. Batbold, copying K&S, expressly stating K&S was never legally authorized to represent OPG. Dkt. 79. For the avoidance of doubt, OPG also specifically terminated K&S and its co-counsel's authority to continue prosecuting actions against Mr. Batbold around the world. *Id.* OPG instructed K&S to terminate all such litigations. When K&S refused to comply, OPG issued multiple follow-up letters reconfirming its instructions. *See* Dkt. 81 at 2. Mr. Batbold has also through counsel sent numerous letters to K&S demanding K&S terminate the lawsuit against him or otherwise provide a basis to maintain them. *See id.* K&S never responded.

Despite receiving these letters from its purported client and Gibson Dunn, K&S has not terminated the foreign proceedings. Similarly, K2 has continued to argue K&S represented OPG and has relied on K&S's privilege invocations to justify withholding critical documents in this proceeding. As recently as June 30, 2022, when K2 moved to quash or for a protective order, K2 invoked attorney-client privilege based on K&S's purported attorney-client relationship with OPG—a relationship that never legally existed, or at the very least was terminated months ago when OPG sent its letters to K&S. *See generally* Dkt. 115. As part of K2's motion, K2 submitted a sworn declaration from a K&S partner, Sarah Walker, in which Ms. Walker purported to assert privilege on OPG's behalf. Dkt. 116-5 ¶ 11. K2 relied heavily on Ms. Walker's declaration and argued to this Court it had complied with the Court's orders only to the extent "instructed" by Ms. Walker's declaration. *See, e.g.*, Dkt. 115 at 10, 15, 18.

But now, K2 has disclosed K&S does *not* represent the client it has told this Court is the basis for its extensive privilege objections, which have grinded this action to a halt.[2]

Mr. Batbold is scheduled to move to compel and oppose K2's pending motion to quash on July 15, 2022. But it is now clear the declarations and arguments in K2's own briefing cannot be maintained. At the very least, K2's sudden disclosure K&S does not act on behalf of OPG in Singapore raises critical issues that must be addressed in advance of the filing of Mr. Batbold's opposition brief and the filing of his own motion so that he and the Court have a sufficient factual record on which to evaluate K2's motion.

---

[2] Tellingly, K&S withdrew from the Singapore proceeding on the day it was due to oppose a motion to dismiss filed by one of Mr. Batbold's co-defendants based in part on K&S's lack of authority to prosecute that case. Rather than mount an opposition to the motion, K&S cut and ran. K&S also walked away from its own Section 1782 proceeding in this Court when Judge Broderick asked K&S to advise whether it had authority to maintain the action after Mr. Batbold brought OPG's letters to the Court's attention. *See Ex Parte Application of Agency for Policy Coordination on State Prop.*, No. 21-mc-178 (VSB), Dkt. 30. Instead of providing the update the Court requested, K&S withdrew its application. *Id.*, Dkt. 32, 33.

**GIBSON DUNN**

The Honorable Ronnie Abrams
The Honorable Ona T. Wang
July 8, 2022
Page 3

In light of this extraordinary development, and pursuant to the Court's inherent authority to manage the discovery process and the integrity of these proceedings, Mr. Batbold respectfully requests the Court order K2 to submit two sworn declarations on or before July 11, 2022, to provide Mr. Batbold and the Court the necessary factual details to adjudicate K2's motion to quash and for a protective order. Specifically, K2 should be directed to:

1. Submit a declaration from Ms. Walker to specify whether K&S and its co-counsel have authority to represent OPG in any of the foreign proceedings against Mr. Batbold. It is necessary to have Ms. Walker submit a declaration here, as she submitted a sealed declaration in support of K&S's application to withdraw in the Singapore proceeding.

   - If Ms. Walker testifies K&S and its co-counsel retain that authority, Ms. Walker should explain on what basis that authority continues to exist after the January 31, 2022 letter from OPG, when K&S last had contact with an authorized representative of OPG, and who that representative was.

   - If Ms. Walker submits K&S and its co-counsel lack authority to represent OPG in the foreign proceedings against Mr. Batbold, Ms. Walker should specify when that authority ended and the status of the remaining foreign proceedings. Ms. Walker should state specifically whether K&S or its co-counsel intends to withdraw as counsel from the remaining foreign proceedings against Mr. Batbold and, if not, on what basis K&S can maintain these cases. Ms. Walker should further testify whether K&S currently has authority to invoke privilege on behalf of OPG, and if so, on what basis.

2. Submit a declaration from a K2 representative specifying whether K2 continues to be retained by OPG and, if so, on what basis K2 claims to have that authority, when K2 last had contact with an authorized representative of OPG, and who that representative was.

These declarations go to critical factual issues raised by K2's letter that need to be answered, and the integrity of this proceeding. If K&S is planning to terminate the foreign proceedings, as OPG directed it to do, this Court should know the implication of that course of action on this Section 1782 proceeding before K2 further drains the resources of Mr. Batbold and the Court with its continued obstruction. Similarly, if K&S is now conceding (as it appears to be) that it has no attorney-client relationship with OPG, K2's privilege claims cannot be maintained and K2 must immediately comply with Mr. Batbold's discovery requests.

We thank the Court for its kind consideration.

GIBSON DUNN

The Honorable Ronnie Abrams
The Honorable Ona T. Wang
July 8, 2022
Page 4

Respectfully submitted,

*/s/ Orin Snyder*

Orin Snyder

Counsel for Petitioner

cc:     All Counsel of Record