**Proceedings in England and Wales:**

**In the High Court of Justice, Business and Property Courts of England and Wales, Commercial Court (Queen's Bench Division)**

*Agency for Policy Coordination on State Property and others v. Sukhbaatar Batbold and others*

**Claim No. CL-2020-000757; Date Initiated: November 17, 2020**

| Causes of Action | Status of King & Spalding as Counsel | Status of Proceedings |
|---|---|---|
| Per the application stamped by the High Court on November 18, 2020, the purported claimants applied for a freezing injunction against Mr. Batbold on the basis of his alleged ownership of property in London, in aid of a foreign proceeding pending in Mongolia. *See* Dkt. 18, ¶ 3. The High Court granted this freezing injunction.[1] | On July 7, 2022, King & Spalding filed an *ex parte* application to the High Court seeking to withdraw itself as counsel for the purported plaintiffs. The application was supported by a Witness Statement filed by Sarah Walker under seal that was not shared with Mr. Batbold.<br><br>On July 8, 2022, the High Court issued an "Order for a Declaration that a Solicitor has Ceased to Act," declaring that "King & Spalding International LLP has ceased to be the Solicitor acting for the Claimants in these proceedings." *See* Dkt. 120-1. | Despite K&S's withdrawal, the case remains pending, and the injunction is still in place. The proceeding is stayed pursuant to a Consent Order between Mr. Batbold and the purported claimants that may be lifted by Mr. Batbold at any time. New counsel for the purported claimants may make an appearance at any time. |

---

[1] The cases brought in England and Wales, Hong Kong, and Jersey seek freestanding asset-freezing injunctions only and assert no substantive causes of action. The cases brought against Mr. Batbold in Singapore and the British Virgin Islands assert substantive causes of action.

**Singapore Proceedings:**

**In the General Division of the High Court of the Republic of Singapore**

*Agency for Policy Coordination on State Property and others v. Sukhbaatar Batbold and others*

Case No. HC/S 1145/2020; Date Initiated: November 26, 2020

| Causes of Action | Status of King & Spalding as Counsel | Status of Proceedings |
|---|---|---|
| On November 26, 2020, the purported claimants filed an *ex parte* application for a freezing injunction against Mr. Batbold, on the basis of his alleged ownership of property in Singapore via proxies. *See* Dkt. 17, ¶ 3. The purported claimants also commenced an action asserting substantive claims against Mr. Batbold, including breach of fiduciary duty; breach of Mongolian 2011 Company Law, Article 84.4; conspiracy to commit tort of unlawful means; breach of Mongolian Law on the Regulation of Public and Private Interests and the Prevention of Conflict of Interest in Public Service 2012 (as amended). The High Court granted the *ex parte* freezing injunction. | On July 4, 2022, counsel for the purported claimants in Singapore, RevLaw, brought an *ex parte* application seeking to discharge the firm as solicitors on behalf of the purported claimants. In support, RevLaw submitted (among other things) a confidential declaration from Sarah Walker of K&S that was not shared with Mr. Batbold. RevLaw has represented it takes instructions from K&S.<br><br>On July 15, 2022, there will be a hearing on RevLaw's application to withdraw as counsel. This hearing is not open to the public. | Regardless of whether the High Court grants RevLaw's withdrawal application, the proceedings will remain pending and the injunction against Mr. Batbold in place. The substantive case against Mr. Batbold is currently stayed pursuant to a Consent Order between Mr. Batbold and the purported claimants, Dkt. 17 ¶ 5, that may be lifted by either Mr. Batbold or the purported claimants at any time. If RevLaw's withdrawal application is granted, the purported claimants may appoint new solicitors and seek to pursue the substantive case against Mr. Batbold.<br><br>In the event that RevLaw are allowed to discharge themselves as the purported claimant's solicitors and the purported claimants take no further steps to prosecute the action in Singapore for some time, it may be possible to apply for an order from the Singapore court for their action to be struck out or dismissed in due course. |

| <div style="text-align:center">**Hong Kong Proceedings:**<br><br>In the High Court of the Hong Kong Special Administrative Region, Court of First Instance<br><br>*Agency for Policy Coordination on State Property and others v. Sukhbaatar Batbold and others*<br><br>Case No. HCMP 2153/2020; Date Initiated: November 10, 2020, with the action formally commenced with an Originating Summons on November 23, 2020 (*see* Dkt. 19-1)</div> |||
|---|---|---|
| **Causes of Action** | **Status of King & Spalding as Counsel** | **Status of Proceedings** |
| On November 10, 2020, the purported plaintiffs filed an *ex parte* freezing application in the Hong Kong Special Administrative Region, Court of First Instance against Mr. Batbold, on the basis of his alleged ownership of property in Hong Kong via alleged proxies. *See* Dkt. 19, ¶ 3. Purported plaintiffs filed this application in aid of foreign proceedings pending in Mongolia. *Id*.<br><br>While the Hong Kong Court rejected the purported plaintiffs' first application, the Court ultimately granted a preliminary *ex parte* injunction. | On July 11, 2022, counsel for the purported plaintiffs in Hong Kong, Zhong Lun Law Firm LLP, brought a Summons seeking an Order from the Court to discharge the firm as solicitors on behalf of the purported plaintiffs. In support, Zhong Lun submitted a confidential affirmation from a lawyer of their firm, which was not shared with Mr. Batbold. Zhong Lun has represented it takes instructions from K&S.<br><br>A hearing on this application is scheduled for July 21, 2022. The hearing is not open to the public. | If the High Court grants Zhong Lun's withdrawal, the proceedings remain pending and the injunction against Mr. Batbold remains in place. Even if the High Court grants the withdrawal application, new counsel for the purported plaintiffs may make an appearance at any time. In any event, Mr. Batbold will need to apply to the High Court and persuade it to set aside the injunction and dismiss the proceedings. |

| **Jersey Proceedings:** |||
|---|---|---|
| **The Royal Court of Jersey** |||
| *Agency for Policy Coordination on State Property and others v. Sukhbaatar Batbold and others* |||
| Case No. 2020/192; Date Initiated: November 24, 2022 |||
| **Causes of Action** | **Status of King & Spalding as Counsel** | **Status of Proceedings** |
| On November 24, 2020, the purported plaintiffs filed an *ex parte* freezing injunction against Mr. Batbold on the basis of his alleged ownership of property in the Island of Jersey via alleged proxies, in aid of foreign proceedings pending in Mongolia. *See* Dkt. 20, ¶ 3. The Royal Court granted this freezing injunction. | To Mr. Batbold's knowledge, counsel for the purported plaintiffs has yet to withdraw from the proceedings. We understand that in Jersey, withdrawal applications proceed on an *inter partes* basis, meaning withdrawal will be effectuated when counsel gives notice to Mr. Batbold's counsel and does not require judicial intervention. | The proceedings in Jersey remain pending and the injunction against Mr. Batbold remains in place. The proceeding is stayed pursuant to a Consent Order between Mr. Batbold and the purported plaintiffs, Dkt. 20-2, but could be lifted by order of the Royal Court. |

| **British Virgin Islands "(BVI") Proceedings:** |||
|---|---|---|
| **The Eastern Caribbean Supreme Court, in the High Court of Justice, Virgin Islands, Commercial Court** |||
| *Agency for Policy Coordination on State Property and others v. Sukhbaatar Batbold and others* |||
| Case No. BVIHCOM2021/0224 |||
| Date Initiated: December 20, 2021 |||
| **Causes of Action** | **Status of King & Spalding as Counsel** | **Status of Proceedings** |
| On December 20, 2021, the purported plaintiffs filed substantive claims against Mr. Batbold in the British Virgin Islands ("BVI"). *See* Dkts. 72, 72-1. Those claims include breach of the Mongolian 1999 Company Law; breach of the Mongolian 2011 Company Law, Article 84.4; breach of the Mongolian Law on the Regulation of Public and Private Interests and the Prevention of Conflict of Interest in Public Service 2012 (as amended); accessory liability in tort under Article 497.3 of the Mongolian Civil Code; and breach of fiduciary duty. The purported plaintiffs sought to affirm the freezing injunctions in place worldwide to enforce any potential future judgment they might recover in the BVI. Dkt. 72 at 2. | On July 8, 2022, counsel for the purported plaintiffs in the BVI, Martin Kenney & Co, Solicitors ("MKS"), brought a Notice of Application seeking an order from the Court that the law firm ceases to represent the purported plaintiffs in the proceedings against Mr. Batbold. MKS has represented that it takes its instructions from K&S. | If the court grants MKS's withdrawal, the proceedings remain pending, and new counsel for the purported plaintiffs may make an appearance at any time. Mr. Batbold has yet to be served in this proceeding. |