UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF SUKHBAATAR BATBOLD FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782,<br><br>*Petitioner.* | Case No. 21-mc-218 |

**DECLARATION OF LEE R. CRAIN IN OPPOSITION TO RESPONDENT K2 INTEGRITY'S MOTION TO QUASH OR FOR A PROTECTIVE ORDER AND IN SUPPORT OF SUKHBAATAR BATBOLD'S CROSS-MOTION TO COMPEL**

I, Lee R. Crain, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an associate in the law firm of Gibson, Dunn & Crutcher LLP, and am admitted to practice law in the State of New York and the U.S. District Court for the Southern District of New York. I am over the age of eighteen years and am not a party to this action. My firm represents Sukhbaatar Batbold (the "Petitioner"), and I am one of the attorneys with responsibility for this case. I make this declaration in support of Petitioner's Opposition to K2 Integrity's Motion to Quash Rule 45 Subpoenas or for Protective Order and Petitioners' Cross-Motion to Compel and Expedite Discovery (the "Opposition and Cross-Motion to Compel"). I am fully familiar with the facts and circumstances of this case and make the following statements based on my personal knowledge.

2. On October 6, 2021, the Court granted Mr. Batbold's Section 1782 Application and authorized his subpoenas. Dkt. 53 (the "1782 Order"). In November 2021, counsel for Mr.

1

Batbold met and conferred with Respondent K2 Integrity ("K2") on three occasions regarding K2's discovery obligations. During those discussions, K2 declined to produce any documents, including information, such as the identity of its clients, absent a further order from the Court. On November 3, 2021, K2 filed its pre-motion letter concerning its anticipated motion to quash and for a protective order. Dkt. 59. On November 8, 2021, Mr. Batbold filed his pre-motion letter concerning his anticipated motion to compel. Dkt. 62.

3. On April 26, 2022, the Court entered an order requiring K2 to produce categories of documents, as "mile one" in a "marathon" of discovery. Dkt. 86 at 81:5–6. On May 26, 2022, K2 made its first production of documents. That production consisted of six documents that purported to disclose K2's funding arrangements and the identity of its clients. The documents included redactions of non-privileged information, including the names of signatories to retention agreements.

4. On May 18, 2022, the Court compelled K2 to comply with the Court's April 26, 2022 Order and to produce or log as privileged specific categories of documents. Dkt. 95 (the "Discovery Order"). On June 1, 2022, K2 made its second production of documents pursuant to this Court's Discovery Order. K2 produced approximately 1,489 documents. On June 20, 2022, K2 made a third production of 20 documents. The third production consisted of an additional 19 source documents and one previously withheld email.

5. In total, K2 produced approximately 1,515 documents between all three productions. Of these, K2 produced approximately 1,269 source documents and withheld approximately 18,370 source documents as privileged. K2 also produced 237 email communications and withheld as privileged 415 email communications. According to K2, the 1,269 source documents—representing approximately 84% of the total production—were all documents King & Spalding

LLP ("K&S") had previously filed publicly in actions against Mr. Batbold or were "substantially similar" to previously filed documents.

6. Between April 2022 and the present, counsel for Mr. Batbold and K2 have engaged in at least seven meet and confers related discovery. During those meetings, K2 has advised counsel for Mr. Batbold that its assertions of privilege have been made at the direction of K&S. For example, K2 advised counsel for Mr. Batbold that K&S had instructed K2 to withhold *all* unfiled source documents, taking the position that unfiled source documents were *per se* privileged.

7. In June 2022, after K2 produced certain English language source documents, K2 requested that Mr. Batbold agree to stay K2's obligation to produce foreign language source documents. K2 advised that it lacked the capacity to reliably scan the documents with optical character recognition or text-search the documents. K2 represented that it was in the process of identifying an outside vendor that could process the as-yet unprocessed documents. K2 further represented that it had more than 18,000 such documents to review and that it would only produce documents that have already been filed in the foreign proceedings. Since K2 took the position that it would produce only documents to which Mr. Batbold already had access, Mr. Batbold agreed on June 10, 2022 to K2's request to delay its review and, ultimately, production of Mongolian language source documents. Dkt. 108.

8. Between May 31, 2022 and June 27, 2022, Mr. Batbold provided K2 with three sets of English-language search terms. Without waiving privilege, the search terms on their face are largely derived from key terms used in the affidavits K2's principal Jules Kroll filed in the foreign proceedings against Mr. Batbold and the exhibits appended to those affidavits. Mr. Batbold voluntarily and unilaterally narrowed each set of terms iteratively, in a good faith attempt to try to eliminate false positive hits and to reduce K2's burden, using search term hit

reports provided by K2.  The first set of terms Mr. Batbold proposed hit on 255,506 documents, while the third set of terms hit on just 108,181 documents (excluding documents collected after November 21).  Mr. Batbold invited K2 to discuss his proposed terms, but K2 failed to do so.  K2 has not challenged the relevance of any of Mr. Batbold's terms.  On July 14, 2022, the day before Mr. Batbold's cross-motion to compel was due to be filed and 44 days after Mr. Batbold first provided K2 with proposed search terms, K2 sent Mr. Batbold proposed revisions to his June 27, 2022 search terms.

9. Attached hereto as **Exhibit 1** is a true and correct copy of a translated letter, including the original and certified translation certificate, from Deputy Prosecutor General of Mongolia M. Chinbat, dated January 31, 2022.

10. Attached hereto as **Exhibit 2** is a true and correct copy of the Supplemental Declaration of Z. Sukhbaatar in Support of Sukhbaatar Batbold's Ex Parte Application for Discovery Pursuant to 28 U.S.C. § 1782 in the Southern District of New York (Case No. 21-mc-218, document number 49), dated May 24, 2021.

11. Attached hereto as **Exhibit 3** is a true and correct copy of Exhibit A - Article 31.1 Translation to the Supplemental Declaration of Z. Sukhbaatar in Support of Sukhbaatar Batbold's Ex Parte Application for Discovery Pursuant to 28 U.S.C. § 1782 in the Southern District of New York (Case No. 21-mc-218, document number 49-1), dated May 24, 2021.

12. Attached hereto as **Exhibit 4** is a true and correct copy of a translated letter, including the original and certified translation certificate, from Deputy Prosecutor General of Mongolia M. Chinbat, dated March 10, 2022.

13. Attached hereto as **Exhibit 5** is a true and correct copy of a translated Asset Recovery Services Agreement between the General Prosecutor's Office of Mongolia and K2 Intelligence

Limited, dated September 17, 2018, produced in discovery in this proceeding as Bates Nos. K2_0000028–K2_0000036.

14. Attached hereto as **Exhibit 6** is a true and correct copy of an email chain dated October 1, 2018, produced in discovery in this proceeding as Bates Nos. K2_0011037–K2_0011045.

15. Attached hereto as **Exhibit 7** is a true and correct copy of an email dated April 12, 2018, produced in discovery in this proceeding as Bates No. K2_0011478.

16. Attached hereto as **Exhibit 8** is a true and correct copy of an email dated July 27, 2018, and excerpts of the attachment thereto, produced in discovery in this proceeding as Bates Nos. K2_0011079–K2_0011080.

17. Attached hereto as **Exhibit 9** is a true and correct copy of an email dated February 25, 2021, produced in discovery in this proceeding as Bates Nos. K2_0011502–K2_0011516.

18. Attached hereto as **Exhibit 10** is a true and correct copy of the Second Declaration of Sarah Yasmin Walker in the Southern District of New York (Case No. 1:21-MC-00218-RA-OTW), dated June 1, 2022.

19. Attached hereto as **Exhibit 11** is a true and correct copy of the Confidential Third Declaration of Sarah Yasmin Walker in the Southern District of New York (Case No. 1:21-MC-00218-RA-OTW), dated June 7, 2022.

20. Attached hereto as **Exhibit 12** is a true and correct copy of the Confidential Second Declaration of Gare Smith in the Southern District of New York (Case No. 1:21-MC-00218-RA-OTW), dated June 7, 2022.

21. Attached hereto as **Exhibit 13** is a true and correct copy of an email chain from Mark Cherry to Lydia Halpern re Meet and Confer, dated June 21, 2022.

22. Attached hereto as **Exhibit 14** is a true and correct copy of a letter from Darryl Stein, Kobre & Kim to Orin Snyder and Lee Crain, Gibson Dunn, dated June 20, 2022.

23. Attached hereto as **Exhibit 15** is a true and correct copy of the Revised Source Document Privilege Log, dated July 5, 2022.

24. Attached hereto as **Exhibit 16** is a true and correct copy of an article from ProPublica, entitled "The Country That Exiled McKinsey," dated May 14, 2019, available at: https://www.propublica.org/article/the-country-that-exiled-mckinsey.

25. Attached hereto as **Exhibit 17** is a true and correct copy of an article from the EU Reporter, entitled "The Mongolian connection to Lukashenko's money," dated April 13, 2021, available at: https://www.eureporter.co/world/mongolia/2021/04/13/the-mongolian-connection-to-lukashenkos-money/.

26. Attached hereto as **Exhibit 18** is a true and correct copy of K2's E-mail Privilege Log, dated June 1, 2022.

27. Attached hereto as **Exhibit 19** is a true and correct copy of an email chain from Mark Cherry to Darryl Stein, Orin Snyder, and others re Updated Search Terms, dated June 27, 2022.

28. Attached hereto as **Exhibit 20** is a true and correct copy of Revised Proposed Search Terms, dated June 24, 2022.

29. Attached hereto as **Exhibit 21** is a true and correct copy of a Search Term Report, dated June 21, 2022.

30. Attached hereto as **Exhibit 22** is a true and correct copy of a Search Term Report, dated June 29, 2022.

31. Attached hereto as **Exhibit 23** is a true and correct copy of an engagement letter from K2 Intelligence LLC to Foley Hoag LLP, dated October 31, 2017, produced in discovery in this proceeding as Bates Nos. K2_0000037–K2_0000043.

32. Attached hereto as **Exhibit 24** is a true and correct copy of the Memorandum of Understanding, dated December 2018, produced in discovery in this proceeding as Bates Nos. K2_0000024–K2_0000025.

33. Attached hereto as **Exhibit 25 i**s a true and correct copy of Jeremy Kroll's LinkedIn Profile, available at: https://www.linkedin.com/in/jeremy-m-kroll-8435bb14/.

34. Attached hereto as **Exhibit 26** is a true and correct copy of Jules Kroll's LinkedIn Profile, available at: https://www.linkedin.com/in/jules-b-kroll-376a4320b/.

35. Attached hereto as **Exhibit 27** is a true and correct copy of Snezana Gebauer's LinkedIn Profile, available at: https://www.linkedin.com/in/sne%C5%BEana-gebauer-701319/.

36. Attached hereto as **Exhibit 28** is a true and correct copy of an email chain from Darryl Stein to Lee Crain and Zachary Rosenbaum, dated May 17, 2022.

37. Attached hereto as **Exhibit 29** is a true and correct copy of a list of Foley Hoag LLP's offices, available at: https://foleyhoag.com/our-firm/offices.

38. Attached hereto as **Exhibit 30** is a true and correct copy of excerpts of a Comprehensive Report on Ganbat Chuluunkhuu provided by TransUnion, with redactions implemented consistent with Federal Rule of Civil Procedure 5.2(a) to protect personally identifying information, dated June 27, 2022.

39. Attached hereto as **Exhibit 31** is a true and correct copy of Bloomberg's Company Profile for K2 Intelligence LLC, available at: https://www.bloomberg.com/profile/company/0870029D:US.

40. Attached hereto as **Exhibit 32** is a true and correct copy of a letter from Orin Snyder to Darryl Stein, dated July 12, 2022.

41. Attached hereto as **Exhibit 33** is a true and correct copy of an email chain from Mark Cherry to Darryl Stein, Lee Crain, and others, 1:21-mc-000218-RA-OTW, dated November 24, 2021.

42. Attached hereto as **Exhibit 34** is a true and correct copy of a letter from Darryl Stein to Orin Snyder and Lee Crain, dated July 14, 2022.

43. Attached hereto as **Exhibit 35** is a true and correct copy of an email from Mark Cherry to Darryl Stain and others, dated July 15, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 15, 2022
New York, New York.

                                                                      /s *Lee Crain*
                                                                         Lee Crain