# EXHIBIT 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF SUKHBAATAR BATBOLD FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:21-MC-00218-RA-OTW |

### CONFIDENTIAL THIRD DECLARATION OF SARAH YASMIN WALKER

I, SARAH YASMIN WALKER, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a solicitor duly admitted to practice in England & Wales and a partner at King & Spalding International LLP ("King & Spalding"). My firm has been retained to act for the Agency for Policy Coordination on State Property (the "Agency"), Erdenet Mining Corporation ("Erdenet"), and Erdenes Oyu Tolgoi LLC ("EOT") ("Mongolian Claimants") in respect of injunctive proceedings in the English High Court in London, England ("English Proceedings"). My firm has served throughout as coordinating counsel for the Mongolian Claimants in connection with related litigation proceedings pending in several other jurisdictions.

2. This is my third declaration in this proceeding. I am the same Sarah Yasmin Walker who gave a declaration in this proceeding on May 3, 2021 ("Walker 1") and on June 1, 2022 ("Walker 2").

3. In Walker 2:

   a. I provided background about King & Spalding's representation of the Prosecutor General of Mongolia ("PGOM") and the Independent Authority Against Corruption ("IAAC");

CONFIDENTIAL

    b. I explained that King & Spalding, on behalf of the PGOM and the IAAC and (insofar as is relevant) on its own behalf, asserts to the fullest permissible extent all applicable privileges and protections; and,

    c. I explained why documents that Mr. Batbold seeks are protected from disclosure by the English legal advice and litigation privileges.

4. In this declaration, I explain why documents sought by Mr. Batbold are also protected from disclosure by the English common interest privilege and the English doctrine of limited waiver.

5. Nothing in this declaration is intended to waive privilege or does in fact do so.

6. Common interest privilege, which applies to both legal advice privilege and litigation privilege, operates to preserve privilege in documents that are disclosed to third parties. Typically, it arises where a person voluntarily discloses a privileged document to a third party who has a common interest in the subject matter of the privileged document, or in litigation in connection with which the document was brought into existence.[1]

7. K2's communications with Ganbat Chuluunkhuu and Joel McCleary would therefore benefit from common interest privilege, in that they occupy the same "ambit of confidence" as King & Spalding, the PGOM and IAAC, and K2.[2] Without intending to waive privilege or in fact doing so, among other things, I understand from the Second Declaration of Gare Smith that Messrs Chuluunkhuu and McCleary have an interest in the outcome of the asset recovery litigation, and that information and documents shared between Messrs Chuluunkhuu and McCleary and K2 were confidential, and shared for the purposes of a highly sensitive investigation in anticipation of litigation.

---

[1] *Buttes Gas and Oil Co v Hammer (No 3)* [1981] 1 QB 223, 267H; *USP Strategies plc v London General Holdings Limited* [2004] EWHC 3737 (Ch); *Formica Ltd v Secretary of State acting by the Export Credits Guarantee Department* [1994] CLC 1078, 1087.
[2] *Formica Ltd v Secretary of State acting by the Export Credits Guarantee Department* [1994] CLC 1078, 1087.

8. Accordingly, K2 and Messrs Chuluunkhuu and McCleary understood that their communications with each other (and with the PGOM and the IAAC) were confidential, and were not to be disclosed to anyone outside of the "ambit of confidence."

9. Alternatively, privilege is not necessarily waived if a document is disclosed to a third party for a limited purpose only (the so-called doctrine of "limited waiver").[3] Where privilege is waived, the question of whether the waiver was limited must be determined by reference to all the circumstances of the alleged waiver, and, in particular, what was expressly or impliedly communicated between the person sending, and the person receiving, the documents in question, and what they must or ought reasonably have understood.[4]

10. Here, K2's communications with Messrs Chuluunkhuu and McCleary are in any event protected from disclosure by the doctrine of limited waiver. Among other things, I understand from the Second Declaration of Gare Smith that there was an express (or implied) restriction on the use or distribution of any documents sent to them. Messrs Chuluunkhuu and McCleary retained the same counsel (Foley Hoag LLP) that retained K2. Messrs Chuluunkhuu and McCleary and K2 had worked closely with each other over the course of several years. They knew, or must have known, that the documents shared with them were confidential and prepared for the purposes of a highly sensitive investigation in anticipation of litigation.

11. I understand from counsel for K2 that documents reflecting the identities of Foley Hoag LLP's clients have been designated as confidential under the terms of the protective order entered in this proceeding, and that public disclosure of those names would lead to annoyance, embarrassment, oppression, or undue burden or expense. I have therefore requested that this declaration be treated as confidential and, if filed in this action, filed under seal. I reserve the right to supplement this declaration with additional facts supporting sealing if any party seeks to file this declaration.

---

[3] *Berezovsky v Hine and others* [2011] EWCA Civ 1089.
[4] *Berezovsky v Hine and others* [2011] EWCA Civ 1089, ¶ 29, referring to *Brown v Guardian Royal Exchange plc* [1994] 2 Lloyd's Rep 325, 328; W*interthur Swiss Insurance Company v AG (Manchester) Ltd (in liquidation)* [2006] EWHC 839 Comm.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 7th day of June, 2022.

_____
Sarah Yasmin Walker

CONFIDENTIAL