**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

July 25, 2022

<u>VIA ELECTRONIC FILING</u>

The Honorable Ona T. Wang
U.S. District Court, S.D.N.Y.
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re:   <u>In re Application of Sukhbaatar Batbold, 21-mc-00218-RA (S.D.N.Y.)</u>

Dear Judge Wang:

We respectfully submit this letter on behalf of Petitioner Sukhbaatar Batbold in further support of his request to lift the stay on further briefing on Mr. Batbold's motion to compel.

On July 14, 2022, the Court stayed briefing on the parties' pending cross-motions to quash and compel. Dkt. 126. The stay came after King & Spalding LLP ("K&S") and its co-counsel withdrew as counsel from certain foreign cases pending against Mr. Batbold—the cases that were the basis for Mr. Batbold's Section 1782 petition.[1] We write now to bring to the Court's attention two legal proceedings Mr. Batbold filed recently in Mongolia. The discovery Mr. Batbold seeks from K2 Integrity Inc. ("K2") in this Section 1782 proceeding is directly relevant to and needed for the new Mongolian actions—and provides an additional reason this Court should lift the briefing stay on the parties' cross-motions and resolve the privilege issues presented in those motions.[2]

In May 2022, Mr. Batbold filed two new civil actions in Mongolia, which were consolidated into a single case, Ex. A ¶ 4, that are directly relevant to this Section 1782 proceeding.

---

[1] As Mr. Batbold explained in a chart this Court ordered him to file on July 15, 2022, other foreign proceedings remain pending, and discovery is still needed to defend against them. Dkt. 128. In K2's July 22, 2022 letter responding to Mr. Batbold's chart, K2 states Mr. Batbold filed his chart "early" "in order to avoid having to include in his update developments that would become known to him over the coming weeks." Dkt. 138 at 1. K2 is wrong. Mr. Batbold did not file "early." Rather, he complied with this Court's order directing Mr. Batbold to file his chart on July 15, 2022, Dkt. 126 (directing on July 14 that Mr. Batbold file his chart "tomorrow").

[2] An applicant need not satisfy the Section 1782 factors for every foreign proceeding in which he wants to use discovery. *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 133–34 (2d Cir. 2017). All Section 1782 requires is that Mr. Batbold meet its requirements "with reference to at least one specific proceeding." *Id.* at 133. This Court has already held the proceedings pending against Mr. Batbold satisfy Section 1782. Consequently, Mr. Batbold presumptively can use the discovery "elsewhere unless the district court orders otherwise." *Id.* at 135; *see, e.g., In re Al-Attabi*, 2022 WL 229784, at *9 (S.D.N.Y. Jan. 26, 2022).

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

The Honorable Ona T. Wang
July 25, 2022
Page 2

*Defamation Action.* Mr. Batbold is a plaintiff in a defamation action against a Mongolian news outlet, Blue News LLC, in a Mongolian trial court. In that case, he alleges Blue News published false and defamatory accusations against him based on the bogus corruption claims K&S and K2 made against him in litigation and K2's investigation. Ex. A ¶¶ 4–7. Blue News even reprinted the entire Statement of Claims K&S's co-counsel filed against Mr. Batbold in the British Virgin Islands. *Id.* ¶¶ 5, 6.

*Injunction Action.* Mr. Batbold brought an action in a Mongolian trial court against the entities on whose behalf K&S sued in the foreign proceedings against Mr. Batbold—the Agency for Policy Coordination on State Property, the Erdenet Mining Corporation, and the Erdenes Tolgoi LLC (the "Purported Plaintiffs"). Ex. A ¶¶ 4, 8. Mr. Batbold seeks a court order requiring the Purported Plaintiffs to end the foreign proceedings initiated in their names. *Id.* ¶ 8.

As the foreign law declaration attached to this letter confirms, the discovery Mr. Batbold seeks from K2 in this Section 1782 proceeding is directly relevant to his Mongolian actions. *See* Ex. A. In the defamation action, Blue News reprinted the factual allegations made against Mr. Batbold in the foreign cases—allegations directly based on K2's purported investigatory work. To prevail in Mr. Batbold's defamation claim, he will need to disprove those corruption allegations. And one way to do just that is to disprove and debunk K2's underlying investigation—the investigation on which the allegations K&S advanced and Blue News reprinted are based. Ex. A ¶¶ 7, 14. Similarly, to prevail in his lawsuit against the Purported Plaintiffs, Mr. Batbold will need to convince the Court (among other things) that the Purported Plaintiffs never authorized the litigation against Mr. Batbold and should stop any pending and any future cases against him brought in the Purported Plaintiffs' names. *Id.* ¶¶ 12, 13.

Mr. Batbold's new actions therefore provide an additional reason for discovery to continue in this proceeding and the briefing stay to be lifted. Those new actions satisfy all seven factors relevant to grant discovery under Section 1782. *See Intel Corp v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246 (2004). In fact, the Court's ruling granting Mr. Batbold's petition as to the cases pending *against* him applies identically to Mr. Batbold's new actions for five of seven Section 1782 factors. As the Court found: (i) Mr. Batbold is an "interested person," as a party in the actions, Dkt. 53 at 4; Ex. A ¶ 4; (ii) K2 resides in this district, Dkt. 53 at 4; (iii) Mongolian courts are receptive to foreign discovery, *id.* at 7–8; Ex. A ¶¶ 16–19; (iv) Mr. Batbold is not attempting to circumvent foreign proof gathering restrictions, Dkt. 53 at 8–9; and (v) the discovery Mr. Batbold seeks to defeat and disprove the allegations K&S and K2 advanced (as Blue News reprinted) is "relevant and not unduly burdensome," *id.* at 9.

# GIBSON DUNN

The Honorable Ona T. Wang
July 25, 2022
Page 3

Similarly, the remaining two factors support discovery for Mr. Batbold's affirmative actions even more than they did for his defense. *First*, the discovery Mr. Batbold seeks is "for use" in the Mongolian actions. *Accent Delight*, 869 F.3d at 132; Ex. A ¶¶ 9–15. The attached declaration explains how Mr. Batbold's affirmative actions would benefit from the discovery he seeks. *Id.* As with the defensive proceedings, Mr. Batbold's affirmative actions relate to allegations Mr. Batbold engaged in official corruption while in office. Mr. Batbold's actions are designed to disprove those allegations and clear his name. *Id.* ¶¶ 4–15. All such allegations arise from K2's investigation. The discovery Mr. Batbold seeks here to determine who commenced, directed, and funded K2's investigation and why, and the credibility and veracity of that investigation, is critical to the new actions. *Id.* ¶¶ 9–15. Mr. Batbold will have to prove the claims in the litigations against him based on K2's work were false to prove the reporting on those claims was defamatory under Mongolian law. *Id.* To do that, he needs further discovery into K2's investigation. *Second*, K2 is not a "participant" in Mr. Batbold's affirmative actions. Dkt. 53 at 7–8. K2 is not a party to the affirmative actions, nor is its founder a witness in them. *See* Ex. A ¶¶ 4, 15. K2 has no actual participation in the actions at all. This factor, too, squarely counsels in favor of granting discovery—as does every other factor.

Mr. Batbold therefore requests that the Court lift the stay imposed on briefing, authorize him to seek discovery in this Section 1782 proceeding "for use" in his affirmative Mongolian actions, and modify the Protective Order, Dkt. 97, accordingly to permit the use of confidential information in those Mongolian actions.[3] Mr. Batbold requires the discovery sought here to prove his claims in his Mongolian litigation and to fully and finally debunk the political smear campaign K2 and its handlers have concocted against him.

We thank the Court for its kind consideration.

---

[3] The protective order in this case, Dkt. 97, limits the use of discovery labeled "confidential" to this action and the foreign proceedings that precipitated the filing of the Section 1782 application as well as the later-filed BVI proceeding. Dkt. 97 ¶ 2. Mr. Batbold requests that the Court exercise its sound discretion to modify paragraph 2 of the protective order to include the affirmative actions within the definition of "Permitted Proceedings." *Id.*; *see SEC v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001).

GIBSON DUNN

The Honorable Ona T. Wang
July 25, 2022
Page 4

Respectfully submitted,

*/s/ Orin Snyder*

Orin Snyder

Counsel for Petitioner

cc: All Counsel of Record