UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF SUKHBAATAR BATBOLD FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:21-MC-00218-RA-OTW |

# DECLARATION OF GANBAT CHULUUNKHUU

I, GANBAT CHULUUNKHUU, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a Mongolian American citizen and am very familiar with the business and political landscape in Mongolia. After graduating with an MBA from the University of New Haven in 2003 and a Master's in International Affairs from Columbia University in New York in 2005, I worked for 4 years in the International Structured Finance Group of Commerzbank AG in New York. As the only Mongolian in the bank globally, I assisted the bank's core clients in business development and loan origination in Mongolia during the period of 2006 to 2009. Having returned to Mongolia in 2009, I set up my own financial advisory firm, Liberty Partners LLC, in 2010. Since then, I have advised Mongolian and international private sector clients, and I advised the Government of Mongolia until 2016.

2. I make this declaration in support of K2's Memorandum of Law in Further Support of Respondent K2's Motion to Quash Rule 45 Subpoenas and Motion for Protective Order and in Opposition to Batbold's Motion to Compel Discovery.

3. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge and experience, or upon my review of my records. Insofar as they are within my own knowledge, the facts and matters set forth herein are true to the best of my own knowledge and belief.

4. Without intending to waive privilege, I have been a client of Foley Hoag since at least May 2016. I sought and received legal advice on certain legal matters, including efforts to combat and remedy corruption in Mongolia ("Anti-Corruption Work") from Foley Hoag's Mr. Gare Smith, a leading international human rights lawyer.

5. Since at least May 2016, I sought legal advice from Foley Hoag regarding Anti-Corruption Work along with Joel McCleary of Four Seasons Ventures. Mr. McCleary, a well-known and respected leader for religious freedom and democracy, introduced me to Gare Smith of Foley Hoag.

6. By at least June 2017, I was anticipating litigation in connection with certain legal matters, including efforts to trace and recover assets misappropriated from Mongolia by entities and individuals in connection with transactions involving key mining assets in Mongolia ("Asset Recovery Litigation").

7. Beginning in or around August 2017, Otgonjargal Moyle also sought legal advice from Foley Hoag regarding the Anti-Corruption Work and Asset Recovery Litigation.

8. In connection with the anticipated Asset Recovery Litigation, without waiving privilege, it was Foley Hoag's professional judgment that the assistance of an investigator would help them provide legal advice to Mr. McCleary, Four Seasons Ventures, Ms. Moyle, and myself. In this regard, Joel McCleary and I contacted Jules Kroll on July 8, 2017. The introduction was made by the former US Ambassador Steven Greene. K2 was hired to determine if litigation regarding asset recovery in Mongolia was evidentially warranted.

9. I understand that Ms. Moyle signed an engagement agreement that was entered into between Foley Hoag and K2 Intelligence on or around October 31, 2017 in connection with Foley Hoag's representation of Ms. Moyle in connection with the anticipated Asset Recovery Litigation.

10. Ms. Moyle, Mr. McCleary, Four Seasons Ventures and I sought legal advice jointly from

Foley Hoag regarding the anticipated Asset Recovery Litigation.

11. I understood that K2 was assisting Foley Hoag in providing us with legal advice regarding the anticipated Asset Recovery Litigation. I understood that my communications with Foley Hoag, K2, Mr. McCleary and Ms. Moyle regarding the Anti-Corruption Work and the anticipated Asset Recovery Litigation would be kept confidential.

12. I understood that communications with K2 and K2's work, including communications and work performed in the time between July 2017 and the formal engagement of K2, were undertaken for the purpose of providing legal advice and in anticipation of litigation. I understood that any information and documents exchanged with K2 were confidential and were for use by K2 for the purposes of a highly sensitive investigation in furtherance of litigation, including information and documents exchanged between me and K2 after K2 began working with King & Spalding.

13. I understood that certain of my communications were privileged and confidential, and I hereby invoke all applicable privileges and protections against disclosure of these communications. I have not waived and do not wish to waive any such privileges or protections.

14. I understand that Ms. Moyle, Mr. McCleary, and Four Seasons Ventures have not waived and do not wish to waive any such privileges or protections.

15. I have reviewed the email addresses that appear on K2's log of withheld email communications, which has been produced in this matter and was filed under seal by Mr. Batbold on July 15, 2022. I understood that the communications that appear on this log would be kept confidential by the other recipients of these emails.

16. I understood that my communications with Richard Messick that appear on this log would be kept confidential. Without waiving privilege, Mr. Messick provided confidential information to assist with the Asset Recovery Litigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 2nd day of August 2022.

_____
Garibat Chuluunkhuu